UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY JEROME SCOTTS                         CIVIL ACTION

VERSUS                                        NO. 14-1113

LASALLE CORRECTIONAL CENTER                   SECTION "I"(2)

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the petition, I have determined that a federal evidentiary hearing is unnecessary at this time. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

The petitioner, Anthony Jerome Scotts, is incarcerated in the LaSalle Correctional Center in Olla, Louisiana. Scotts's petition indicates that he was convicted in Orleans

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

Parish of possession of cocaine, trandoll and marijuana and sentenced on February 21, 2013 to eight years in prison.[2]

On June 16, 2014, Scotts paid the filing fee and the clerk of this court filed Scotts's petition for federal habeas corpus relief, which had been received earlier by the court on May 9, 2014.  In his federal habeas petition, Scotts asserts six (6) claims for relief:  (1) He was subjected to an illegal search and seizure. (2) The consent form to the search was falsified by Sgt. O'Brien and Officer Davis after the fact. (3) The judge ruled on his motion to suppress without hearing from a crucial witness, Sgt. O'Brien. (4) The trial court failed to advise him of his rights at the multiple offender hearing. (5) He received ineffective assistance of counsel in that his counsel was not properly prepared. (6) The trial court improperly sustained objections and foreclosed defense counsel from questioning the officers about the investigation and the search.

Throughout his form habeas petition, plaintiff acknowledges that he has <u>not</u> exhausted the first four (4) of his claims.  As to each of these four (4) claims, Scotts's petition states:  "If you did not exhaust your state remedies . . . , explain why:  In process.  Right now I'm in Fourth Circuit."[3]

---

[2] Rec. Doc. No. 3 at p. 1 (form p. 2), ¶'s 1-5.

[3] <u>Id.</u> at pp. 5 (form p. 6) Ground One ¶ (b); 7 (form p. 8) Ground Two ¶ (b); 9 (form p. 10) Ground Three ¶ (b); 10 (form p. 11) Ground Four ¶ (b).

I.      EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)) (emphasis added). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); accord Duncan v. Walker, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application."

3

(emphasis added) Id. (citing Nobles, 127 F.3d at 420). It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. Baldwin v. Reese, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

Thus, to have exhausted his claims in state court, Scotts must have fairly presented the same claims and legal theories he urges in this federal court to the state courts through the Louisiana Supreme Court in a procedurally proper manner and have given all appropriate state courts an opportunity to address each of his claims, either on direct appeal or in post-conviction proceedings through the Louisiana Supreme Court.[4] Scotts clearly admits in his form petition that he did not do so as to four of the six claims or arguments presented in his federal petition.

In this case, Scotts asserts four (4) legal claims in this court that have not been exhausted in the state courts: His petition says nothing about exhaustion of his fifth and sixth claims. Accordingly, Scotts has failed to exhaust all state court remedies with regard to all of the claims he raises in this court. At a minimum, his petition includes

---

[4]The Louisiana rules of criminal procedure allow a defendant to appeal his conviction to the appropriate circuit appellate court and then seek review of that court's ruling in the Louisiana Supreme Court. La. Code Crim. P. arts. 912.1, 922; La. S. Ct. Rule X§5. The post-conviction process in Louisiana requires presentation of appropriate claims on the appropriate form in the state trial court. La. Code Crim. P. art. 925 et seq. Review of the trial court's ruling can be sought in the circuit appellate court and Louisiana Supreme Court by writ of review. La. Code Crim. P. art. 930.6; La. S. Ct. Rule X§5; La. App. Rule 4-1 et seq.

both exhausted and unexhausted claims and is a "mixed petition" that is subject to dismissal for that reason.  See Whitehead, 157 F.3d at 387 (citing Nobles, 127 F.3d at 420).

The record discloses no good cause for Scotts's failure to exhaust these claims, and this court can find none.  Rhines v. Weber, 544 U.S. 269, 278 (2005) (dismissal is appropriate where no good cause is shown for the failure to exhaust).  The Supreme Court has long required that a mixed petition like this one be dismissed without prejudice to allow for complete exhaustion.  Pliler v. Ford, 542 U.S. 225, 233 (2004) (citing Rose, 455 U.S. at 510).  The Supreme Court has also provided, however, that, to avoid dismissal of a mixed petition, a petitioner like Scotts can choose to amend his petition to dismiss or exclude the unexhausted claims and proceed with only the exhausted claims.  Pliler, 542 U.S. at 233.  This choice is now available to Scotts.

Having shown no good cause for his failure to exhaust, this petition should be dismissed without prejudice to require Scotts to exhaust available state court remedies as to all of his claims, unless he amends or resubmits this habeas petition to present only exhausted claims.  Id., 542 U.S. at 233; Whitehead, 157 F.3d at 387.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Scotts's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[5]

New Orleans, Louisiana, this ___27th___ day of June, 2014.

                              JOSEPH C. WILKINSON, JR.
                              UNITED STATES MAGISTRATE JUDGE

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.